**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| KEMBERLYS RAYMAR REYES JIMENEZ, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Case No. CIV-26-00750-JD |
| TODD BLANCHE, et al., | ) ) | |
| Respondents. | ) ) | |

**<u>ORDER TO RESPONDENTS TO SHOW CAUSE</u>**

The Court previously issued a notice abating the adjudication of this action

pending a ruling by the U.S. Court of Appeals for the Tenth Circuit in *Santillan Quiroz v.*

*Mullin*, No. 26-6019. [Doc. No. 21]. The Court gave the parties an opportunity to object

to this course of action, and neither party objected.

The Tenth Circuit has now ruled in favor of a habeas petitioner that 8 U.S.C.

§ 1226(a) governs pre-adjudicative detention and provides "eligib[ility] for release or

entitle[ment] to a bond hearing." *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL

1876709, at \*1 (10th Cir. June 30, 2026). While this Court is aware of the pending circuit

split[1] and the government's petition for a writ of certiorari recently filed in the U.S.

---

[1] *See id.* at \*3 (noting that "the Second, Sixth, and Eleventh Circuits have each held that § 1225(b)(2)(A) does not apply to unadmitted noncitizens who, like Santillan Quiroz, are found in the country's interior" while the "Fifth and Eighth Circuits have agreed with the Government that § 1225(b)(2)(A) applies" and noting that "[e]very other numbered circuit has heard argument on the question").

Supreme Court concerning a Sixth Circuit case with the same legal issue,[2] this lower district court is bound to follow Tenth Circuit authority absent Supreme Court precedent.

Upon review of the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition") [Doc. No. 3], Respondents' Response, which was filed pre-*Santillan Quiroz* [Doc. No. 19], and Petitioner's Reply [Doc. No. 20], and in accordance with the Court's prior, unobjected-to Notice, *Santillan Quiroz* may impact the Court's disposition of this matter.[3]

Accordingly, the Court ORDERS Respondents to show cause within seven (7) days why the Petition should not be granted on this basis and why Petitioner should not be "provide[d] . . . with a bond hearing or else release[d]." *Santillan Quiroz*, 2026 WL 1876709, at *17 n.13. If other developments exist that impact the Court's adjudication of the Petition,[4] then Respondents shall advise the Court in their response to this Order.

---

[2] Like the Tenth Circuit, the Sixth Circuit ruled that § 1226(a) applies instead of 8 U.S.C. § 1225(b)(2)(A), which mandates detention. *See* Cert. Pet., *Raycraft v. Lopez-Campos*, No. 25-1415 (filed June 22, 2026). *Cf.* Cert. Pet., *Buenrostro-Mendez v. Blanche*, No. 26-43 (filed July 2, 2026) (Buenrostro-Mendez's petition for a writ of certiorari challenging the Fifth Circuit's decision that § 1225(b)(2)(A) applies instead of § 1226(a)).

[3] Petitioner entered through a port of entry, and her notice to appear classified her as an arriving alien [Doc. No. 19-3], and she was later released. It is up to Respondents to apprise the Court as to any entry postures or release mechanisms that they believe are germane to the question of whether *Santillan Quiroz* controls a given case, if they believe there are material factual and legal distinctions. *See* 2026 WL 1876709, at *7.

[4] *See* Executive Office of Immigration Review, Automated Case Information System, https://acis.eoir.justice.gov/en/caseInformation (last accessed July 15, 2026); *Winzler v. Toyota Motor Sales U.S.A., Inc.*, 681 F.3d 1208, 1213 (10th Cir. 2012) ("The contents of an administrative agency's publicly available files . . . traditionally qualify for judicial notice . . . .").

IT IS SO ORDERED this 15th day of July 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE